

Robert M. Tzall
Nevada State Bar No. 13412
Contemporary Legal Solutions
2551 North Green Valley Parkway
Building C, Suite 303,
Henderson, NV 89014
Tel: 702-666-0233
office@contemporarylegalsolutions.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEVADA

Landria Lightfoot, individually and on behalf of all others similarly situated,

   Plaintiff,

  vs.

Aisen, Gill & Associates LLP,
Clark County Collection Service, LLC

   Defendant(s).

)
)
)
)
)
)
)
)
)
)
)
)
)

Docket No. 2:22-cv-608

**CLASS ACTION COMPLAINT**

DEMAND FOR JURY TRIAL

## **COMPLAINT**

  Plaintiff Landria Lightfoot ("Plaintiff"), by and through her attorneys, and as for her Complaint against Defendant Aisen, Gill & Associates LLP ("Aisen") and Defendant Clark County Collection Service, LLC ("CCCS") (collectively "Defendants") respectfully sets forth, complains, and alleges, upon information and belief, the following:

### **JURISDICTION AND VENUE**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1367, as well as 15 U.S.C. § 1681p *et seq*.

2.  Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), being that the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

3.  Plaintiff brings this action for damages arising from the Defendants' violations of 15 U.S.C. § 1692 *et seq.*, commonly known as the Fair Debt Collection Practices Act ("FDCPA").

## PARTIES

4.  Plaintiff is a resident of the State of Nevada, County of Clark.

5.  At all times material hereto, Plaintiff was a "consumer" as said term is defined under 15 U.S.C. § 1681a(c).

6.  Defendant Aisen is a Nevada limited-liability partnership with an address at 513 South 3rd Street, Las Vegas, Nevada 89101.

7.  Defendant Aisen is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA.

8.  Defendant Aisen is a company that uses the mail, telephone, and facsimile and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due itself or another.

9.  Defendant CCCS is a Nevada limited-liability partnership with an address at 515 South 3rd Street, Las Vegas, Nevada 89101.

10. Defendant CCCS is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA.

11. Defendant CCCS is a company that uses the mail, telephone, and facsimile and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due itself or another.

**CLASS ALLEGATIONS**

12. Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

13. The Class consists of:

    a.    all individuals with addresses in the State of Nevada;

    b.    to whom Defendant Aisen sent an initial collection letter;

    c.    attempting to collect a consumer debt;

    d.    which was sent on a date on or after the CFPB Regulation F took effect on November 30, 2021;

    e.    which failed to include all necessary notices under 12 CFR 1006.34; and

    f.    failed to clearly identify the current creditor;

    g.    which letter was sent on or after a date one (1) year prior to the filing of this action and on or before December 20, 2021.

14. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

15. Excluded from the Plaintiff Class is the Defendants and all officers, members, partners, managers, directors and employees of the Defendants and its respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

16. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibit A, violate 15 U.S.C. §§ 1692e, and 1692g.

17. Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

18. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    a. **Numerosity:** Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

    b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms **attached as Exhibit A** violate 15 U.S.C. §§ 1692e, and 1692g.

    c. **Typicality:** Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

    d. **Adequacy:** Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal

issues, and class actions. Neither Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

19. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

20. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## Factual Allegations

21. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

22. At some time prior to December 20, 2021, Plaintiff allegedly incurred an obligation with Boulder Pines 2 arising out of transactions incurred primarily for personal, family, or household purposes.

23. The alleged Bolder Pines 2 obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

24. Boulder Pines 2 is a "creditor" as defined by 15 U.S.C. § 1692a(4).

25. Upon information and belief, Defendant CCCS purchased the allegedly defaulted debt. Therefore, Defendant CCCS is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

26. Defendant CCCS collects and attempts to collect debts incurred or alleged to have been incurred for personal, family, or household purposes on behalf of creditors using the United States Postal Services, telephone, and internet.

27. Upon information and belief, Defendant CCCS contracted Defendant Aisen to collect the alleged debt.

28. Defendant Aisen collects and attempts to collect debts incurred or alleged to have been incurred for personal, family, or household purposes on behalf of creditors using the United States Postal Services, telephone, and internet.

### *Violation – December 20, 2021 Collection Letter*

29. On or about December 20, 2021, Defendant Aisen sent Plaintiff a collection letter ("Letter") regarding the alleged debt. *See* Letter attached as **Exhibit A**.

30. Pursuant to 15 U.S.C. § 1692l(d) "Except as provided in section 1029(a) of the Consumer Financial Protection Act of 2010 (12 U.S.C. 5519(a)), the Bureau may prescribe rules with respect to the collection of debts by debt collectors, as defined in this subchapter."

31. Accordingly, the CFPB prepared and issued rules prescribed under 12 CFR § 1006, commonly referred to as Regulation F.

32. The Letter contains some of the notices previously required by 15 U.S.C. § 1692g, but does not include the additional information required by Regulation F.

33. 12 CFR § 1006.1 provides:

(a) ***Authority***. This part, known as Regulation F, is issued by the Bureau of Consumer Financial Protection pursuant to section 814(d) and 817 of the Fair Debt Collection Practices Act (FDCPA or Act), 155 U.S.C. 1692/(d), 1692o; title X of the Dodd-Frank Wall Street Reform and Consumer Protection Act (Dodd-Frank Act), 12 U.S.C. 5481 *et seq.*; and paragraph (b)(1) of section 104

of the Electronic Signatures in Global and National Commerce Act (E-SIGN Act), 15 U.S.C. 7004.

(b) **Purpose.** This part carries out the purposes of the FDCPA, which include eliminating abusive debt collection practices by debt collectors, ensuring that debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and promoting consistent State action to protect consumers against debt collection abuses. This part also prescribes requirements to ensure that certain features of debt collection are disclosed fully, accurately, and effectively to consumers in a manner that permits consumers to understand the costs, benefits, and risks associated with debt collection in light of the facts and circumstances.

(c) **Coverage.**

(1) Except as provided in § 1006.108 and appendix A of this part regarding applications for State exemptions from the FDCPA, this part applies to debt collectors, as defined in § 1006.2(i), other than a person excluded from coverage by section 1029(a) of the Consumer Financial Protection Act of 2010, title X of the Dodd-Frank Act (12 U.S.C. 5519(a)).

(2) Section 1006.34(c)(2)(iii) and (3)(iv) applies to debt collectors only when they are collecting debt related to a consumer financial product or service as defined in § 1006.2(f).

34. 12 CFR § 1006.18(e) requires:

(1) **Initial Communications**. A debt collector must disclose in its initial communication with a consumer that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose.

35. 12 CFR § 1006.34(c) states:

**Validation information**. Pursuant to paragraph (a)(1) of this section, a debt collector must provide the following validation information.

(1) **Debt collector communication disclosure**. The statement required by § 1006.18(e)

(2) **Information about the debt**. Except as provided in paragraph (c)(5) of this section:

(i) The debt collector's name and the mailing address at which the debt collector accepts disputes and requests for original creditor information.

(ii) The consumer's name and mailing address

(iii)    If the debt collector is collecting a debt related to a consumer financial product or service as defined in § 1006.2(f), the name of the creditor to whom the debt was owed on the itemization date.

(iv)    The account number, if any, associated with the debt on the itemization date, or a truncated version of that number.

(v)    The name of the creditor to whom the debt is currently owed.

(vi)    The itemization date.

(vii)    The amount of the debt on the itemization date.

(viii)    An itemization of the current amount of the debt reflecting interest, fees, payments, and credits since the itemization date. A debt collector may disclose the itemization on a separate page provided in the same communication with a validation notice, if the debt collector includes on the validation notice, where the itemization would have appeared, a statement referring to that separate page.

(ix)    The current amount of the debt

(3) *Information about consumer protections*.

(i)    The date that the debt collector will consider the end date of the validation period and a statement that, if the consumer notifies the debt collector in writing on or before that date that the debt, or any portion of the debt, is disputed, the debt collector must cease collection of the debt, or the disputed portion of the debt, until the debt collector sends the consumer either verification of the debt or a copy of a judgment.

(ii)    The date that the debt collector will consider the end date of the validation period and a statement that, if consumer requests in writing on or before that date the name and address of the original creditor, the debt collector must cease collection of the debt until the debt collector sends the consumer the name and address of the original creditor, if different from the current creditor.

(iii)    The date that the debt collector will consider the end date of the validation period and a statement that, unless the consumer contacts the debt

collector to dispute the validity of the debt, or any portion of the debt, on or before that date, the debt collector will assume that the debt is valid.

(iv)    If the debt collector is collecting debt related to a consumer financial product or service as defined in § 1006.2(f), a statement that informs the consumer that additional information regarding consumer protections in debt collection is available on the Bureau's website at www.cfpb.gov/debt-collection.

(v)    If the debt collector sends the validation notice electronically, a statement explaining how a consumer can, as described in paragraphs (c)(4)(i) and (ii) of this section, dispute the debt or request original-creditor information electronically.

(4)    ***Consumer-response information.*** The following information, segregated from the validation information required by paragraphs (c)(1) through (3) of this section and from any optional information included pursuant to paragraphs (d)(3)(i) and (ii), (d)(3)(iii)(A), (d)(3)(iv) and (v), (d)(3)(vii) and (viii) of this section, and, if provided on a validation notice, located at the bottom of the notice under the headings, "How do you want to respond?" and "Check all that apply:":

(i)    ***Dispute prompts***. The following statements, listed in the following order, and using the following phrasing or substantially similar phrasing, each next to a prompt:

(A) "I want to dispute the debt because I think:";

(B) "This is not my debt.";

(C) "The amount is wrong."; and

(D) "Other (please describe on reverse or attach additional information)."

(ii)    ***Original-creditor information prompt***. The statement, "I want you to send me the name and address of the original creditor.", using that phrase or a substantially similar phrase next to a prompt.

(iii)    ***Mailing addresses***. Mailing addresses for the consumer and the debt collector, which are the debt collector's and the consumer's names and mailing addresses as disclosed pursuant to § 1006.34(c)(2)(i) and (ii).

- 9 -

36. 12 CFR § 1006.34(d) further states that "The validation information required by paragraph

(c) of this section must be clear and conspicuous."

37. Additionally, 12 CFR § 1006.42 requires:

(a) ***Sending required disclosures –***

(1) ***In General.*** A debt collector who sends disclosures required by the Act and this part in writing or electronically must do so in a manner that is reasonably expected to provide actual notice, and in a form that the consumer may keep and access later.

38. Defendant Aisen's December 20, 2021 correspondence fails to include all of the information described above.

39. Specifically, the Letter only provides the following:

This office has been retained to represent Clark County Collection Service regarding the following:

| | |
|---|---|
| Amount: | $4,230.17 |
| Name of the creditor: | Clark County Collection Service, LLC |
| Name of the Original Creditor: | Boulder Pines 2 |

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any part thereof, this office will assume this debt is valid. If you notify this office in writing within thirty (30) days after receipt of this notice that your dispute the validity of this debt or any part thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receipt of this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

**This communication is from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose.**

* Clark County Collection Service, LLC is not vouched for, bonded by, or affiliated with the United States or any state or local government entity.

Nothing contained herein shall constitute a waive of any right and/or remedy.

40. Accordingly, the Letter failed to include multiple disclosures and statements required pursuant the rules promulgated by the CFPB.

41. Specifically, the Letter fails to include an itemization date of any kind, any reference to an itemization date or a statement specifying the creditor on such date in violation of 12 CFR § 1006.34(c)(2).

42. Additionally, the Letter failed to provide any of the specific dates required under 12 CFR § 1006.34(c)(3) and thus it failed to properly advise Plaintiff of the relevant information concerning consumer protections.

43. The Letter further failed to provide the necessary Consumer-response information required under 12 CFR § 1006.34(c)(4).

44. In addition to failing to provide all of the information required by the various subsections of 12 CFR § 1006.34(c), the Letter also failed to clearly and conspicuously provide the validation information generally, in violation of 12 CFR § 1006.34(d).

45. Defendants also failed to provide the required disclosures in a manner that was reasonably expected to provide actual notice in violation of 12 CFR § 1006.42.

46. Finally Defendant failed to clearly state who the current creditor is.

47. As a result, Plaintiff was unable to determine precisely when the validation periods would end, which the CFPB determined was necessary to have a fully informed consumer.

48. Defendants' omissions and misrepresentations cause a negative shadow over its debt collection practice in general.

49. When they go astray, debt collectors often introduce a tacit element of confusion into their dunning letter to leave the consumer somewhat uninformed.

50. This strategy helps debt collectors to achieve leverage over consumers by keeping key pieces of information away from them.

51. To that end, one important element of consumer protection revolves around keeping the consumer informed.

52. When a consumer has as much information as the debt collector, they are most capable of handling repayment in full or part, disputing the debt, or otherwise communicating with the debt collector on a more equal playing field.

53. However, when a debt collector withholds key information about debt from the consumer, they encourage rash decision-making and consumers are left without any power to face a debt collector in a meaningful way.

54. Accordingly, when a consumer is faced with something less than the total story behind owing a debt, they often give up and choose to pay an unwarranted debt to avoid further trouble.

55. As a result of Defendants' multiple FDCPA violations, Plaintiff was unable to evaluate her options of how to handle this debt.

56. Because of this, Plaintiff expended time, money, and effort in determining the proper course of action.

57. These violations by Defendants were knowing, willful, negligent, and/or intentional, and Defendants did not maintain procedures reasonably adapted to avoid such violations.

58.  Knowing the state of affairs and the swift tricks that debt collectors attempt against consumers, Congress passed laws to protect consumers.

59. Congress further empowered the CFPB to promulgate rules for debt collectors to follow in their attempts to collect a debt.

60. As noted above, the CFPB set forth a series of rules under Regulation F, the primary purpose of such rules to ensure that the consumer is completely advised as to the status of the debt.

61. As it relates to this case, Congress identified a concrete and particularized harm with a close common-law analogue of the traditional tort of fraud.

62. Defendants' debt collection efforts with respect to this alleged debt from Plaintiff caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with the legally protected right to not be misled or treated unfairly with respect to any action regarding the collection of any consumer debt.

63. Defendants' violations were material misrepresentations because they are likely to affect Plaintiff's choice or conduct regarding how to respond to an outstanding debt claim and are likely to mislead Plaintiff, who was acting reasonably under the circumstances.

64. Specifically, Defendants' careless, deceptive, misleading, and unfair representations and/or omissions with respect to its collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendants' collection efforts.

65. Plaintiff was confused and misled to her detriments by the statements in the Letter and relied on the contents of the Letter to her detriment.

66. Plaintiff would have pursued a different course of action were it not for Defendants' statutory violations.

67. When a debt collector fails to effectively inform the consumer of their rights and legal status of their debts, in violation of statutory law, the debt collector has harmed the consumer.

68. As a result of Defendants' deceptive, misleading, and false debt collection practices, Plaintiff has been damaged.

69. Defendants' actions created an appreciable risk to Plaintiff of being unable to properly respond or handle Defendants' debt collection.

70. Plaintiff was confused and missed to her detriment by the statements and/or omissions in the dunning letter, and relied on the contents of the letter to her detriment.

71. Plaintiff would have pursued a different course of action were it not for Defendants' statutory violations.

72. As a result of Defendants' deceptive, misleading, unfair, unconscionable, and false debt collection practices, Plaintiff has been damaged.

## <u>COUNT I</u>

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692e** *et seq.*

73. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

74. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

75. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

76. Defendants violated §1692e :

    a.   The Letter omits a required representation of the character, amount and/or legal status of the debt in violation of § 1692e(2)(A);

    b.   By failing to include all of the necessary information regarding the debt, including the itemization date, the name of the creditor to whom the debt was owed on the itemization date, the total amount due at the itemization date, and an itemization of the current amount of debt reflecting interest, fees, payments, and credits since the itemization date in violation of § 1006.34(c)(2);

    c.  By failing to include any specification as to the dates that the validation period would end in violation of § 1006(c)(3); and

    d.  By failing to include the dispute prompts prepared by the CFPB, or anything resembling the same, in violation of § 1006.34(c)(4).

    e.  By making a false and misleading representation in violation of §1692e(10).

77. By reason thereof, Defendants are liable to Plaintiff for judgment in that Defendants' conduct violated the FDCPA by failing to comply with the rules set forth in 12 CFR § 1006 *et seq.*, actual damages, statutory damages, costs, and attorneys fees.

## <u>COUNT II</u>

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692g et seq.

78. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

79. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

80. Pursuant to 15 U.S.C. §1692g(a)(1), a debt collector must provide notice of a debt, including the amount of the debt.

81. Defendants violated §1692g(a)(1):

    a.  As the letter fails to clearly state who the current creditor is.

82. By reason thereof, Defendants are liable to Plaintiff for judgment in that Defendants' conduct violated Section 1692g(a)(1) of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## **DEMAND FOR TRIAL BY JURY**

83. Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues this complaint to which Plaintiff is or may be entitled to a jury trial.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment from Defendants as follows:

a)  Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Robert M. Tzall, Esq. as Class Counsel;

b)  Awarding Plaintiff and the Class statutory damages;

c)  Awarding Plaintiff and the Class actual damages;

d)  Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

e)  Awarding pre-judgment interest and post-judgment interest; and

f)  Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper

Dated: April 11, 2022

                                                    /s/ Robert M. Tzall
                                         Robert M. Tzall
                                         Contemporary Legal Solutions
                                         *Attorney for Plaintiff*


                                                    /s/ Yaakov Saks
                                         **Stein Saks, PLLC**
                                         By:  Yaakov Saks
                                         1 University Plaza, Suite 620
                                         Hackensack, NJ 07601
                                         Phone: (201) 282-6500 ext. 101
                                         Fax: (201)-282-6501
                                         ysaks@steinsakslegal.com
                                         pro hac vice pending
                                         *Attorney for Plaintiff*